**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

AMBER McKINLEY, individually and on behalf of all others similarly-situated,

Plaintiff,

v.

No. 17-2408-JPM-tmp

GENGHIS GRILL; GENGHIS GRILL FRANCHISE CONCEPTS, LP; CHALAK MITRAS GROUP OF COMPANIES; AL BHAKTA; CHET BHAKTA; RON PARIKH; NIK BHAKTA; MANISH PATEL; DR. SANJAY PATEL; PUSHPAK PATEL; and DOE DEFENDANTS 1-10,

Defendants.

---

**DEFENDANTS' MOTION TO DISMISS GENGHIS GRILL AND CHALAK MITRAS GROUP OF COMPANIES PURSUANT TO FED.R.CIV.P. 12(b)(2)**

---

Defendants Genghis Grill Franchise Concepts, LP, Chalak Restaurants of Germantown, LLC[1], Al Bhakta, Chet Bhakta, Ron Parikh, Manish Patel, Sanjay Patel, Pushpak Patel (collectively, "Defendants") respectfully request this Court dismiss named Defendants "Genghis Grill" and "Chalak Mitras Group of Companies" pursuant to Fed. R. Civ. P. 12(b)(2). As set forth herein, neither "Genghis Grill" nor "Chalak Mitras Group of Companies" exist as a legal entity, and therefore, does not have the capacity to sue or be sued. Because the Court cannot exercise personal jurisdiction over a non-entity, "Genghis Grill" and "Chalak Mitras Group of Companies" should be dismissed.

[1] Plaintiff was employed by Chalak Restaurants of Germantown, LLC. Thus, though not named, Chalak Restaurants of Germantown, LLC is the proper party in this litigation.

## I. FACTUAL BACKGROUND

Plaintiff initiated this litigation on June 14, 2017, naming three purported entities, seven individuals, and "Doe Defendants 1-10" as Defendants in this matter.[2] [Complaint, D.E. 1] On July 10, 2017, Chalak Restaurants of Germantown, LLC ("Germantown"), Plaintiff's former employer, filed an Answer in this litigation in lieu of "Genghis Grill." [Germantown Answer, D.E. 32] In its Answer, Germantown included the following footnote explaining "Genghis Grill" is a brand and is not a legal entity:

> Plaintiff has named "Genghis Grill" as one of many Defendants – none of which actually employed Plaintiff. "Genghis Grill" is a brand and does not exist as a legal entity. Plaintiff was employed by Chalak Restaurants of Germantown, LLC. Thus, Chalak Restaurants of Germantown, LLC is the correct entity to respond to Plaintiff's allegations, not "Genghis Grill."

[Germantown Answer, D.E. 32, p. 1, n. 1]

On July 24, 2017, Germantown, again as Plaintiff's former employer, filed a second Answer in lieu of "Chalak Mitras Group of Companies." [Germantown Answer, D.E. 41] In this Answer, Germantown included the following footnote:

> Plaintiff has named "Chalak Mitras Group of Companies" as one of many Defendants – none of which actually employed Plaintiff. "Chalak Mitras Group of Companies" does not exist as a legal entity. Plaintiff was employed by Chalak Restaurants of Germantown, LLC. Thus, Chalak Restaurants of Germantown, LLC is the correct entity to respond to Plaintiff's allegations. Chalak Restaurants of Germantown, LLC previously filed an Answer in this matter in lieu of Genghis Grill and does so again here in lieu of Chalak Mitras Group of Companies.

[Germantown Answer, D.E. 41, p. 1, n. 1]

In addition to these footnotes, Defendants have submitted the declaration of Tammy Lucero, Human Resources for CMG Management Solutions, explaining that "Genghis Grill" and "Chalak Mitras Group of Companies" are ***<u>not</u>*** legal entities. [Lucero Decl., ¶¶8-9, D.E. 60, Ex. 1, and attached hereto as Ex. 1 for the Court's ease of reference] "Genghis Grill" is merely a

---

[2] Defendant Nik Bahkta has not yet been served.

brand name. [Lucero Decl., ¶8] "Chalak Mitras Group of Companies" simply refers to a group of separate and independent legal entities. Indeed, the website http://chalakmitragroup.com (last visited August 29, 2017) prominently displays the following language:

> CHALAK MITRA GROUP OF COMPANIES IS NOT A LEGAL ENTITY. CHALAK MITRA GROUP OF COMPANIES IS A GROUP OF SEPARATE AND INDEPENDENT LEGAL ENTITIES.

[Lucero Decl., ¶9]

Despite this evidence, Plaintiff's counsel continues to insist that "Genghis Grill" and "Chalak Mitras Group of Companies" to answer the allegations in this lawsuit and has threatened to seek a default judgement against these non-entities. [Correspondence from Brandon Wise, attached hereto collectively as Exhibit 2] Defendants submit this Motion to Dismiss "Genghis Grill" and "Chalak Mitras Group of Companies" in an effort to obtain clarification from the Court as to whether these non-entities should remain as named Defendants in this litigation.

## II. ARGUMENTS AND AUTHORITIES

"Federal Rule of Civil Procedure 12(b)(2) permits dismissal of a claim for lack of jurisdiction over the person. The plaintiff bears the burden of establishing jurisdiction." *Feild v. Graffagnino*, 514 F. Supp. 2d 1036 (W.D. Tenn. 2007) (McCalla, J.) citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Courts that have addressed whether a non-entity should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) have overwhelmingly found dismissal is warranted. For example, in *Walen v. Sprint, et al.*, No. 06-14201, 2008 WL 324121 (E.D. Mich., Feb. 5, 2008), the plaintiff named "Sprint" as a defendant. Defendants filed a motion to dismiss "Sprint" on multiple grounds, including Rule 12(b)(2), because "Sprint" was not an entity capable of being sued. Defendants asserted that "Sprint" is a generic name that refers to a number of "distinct legal entities" and then identified the correct entity. In ultimately dismissing

"Sprint," the Court found that "Sprint" was not a distinct entity, but merely a generic title used to identify several affiliated companies and that "Sprint" lacked the capacity to sue or be sued. *See id.* at *1. In addition to dismissing the non-entity, the court substituted the real party in interest stating:

> Thus, there will be no prejudice to Plaintiff in granting this motion to dismiss and substituting [the real party of interest]; to the contrary, Plaintiff will be able to move forward with the merits of this lawsuit.

*Id.*

Similarly, in *Ingenito v. Riri USA, Inc.*, 89 F. Supp. 3d 462 (E.D.N.Y. 2015), the court granted the defendant's Rule 12(b)(2) motion to dismiss a named defendant who was not a legal entity. Specifically, the defendants argued that named defendant "Riri Group" was not a legal entity, but merely a "colloquial term used to describe the various products manufactured by Riri SA and its affiliates." *Id.* at 474. The court found that dismissal pursuant to Rule 12(b)(2) was appropriate where the "Riri Group" was not a legal entity and the term "Riri Group" was a mere trade name. *See id.*

In *Gonzalez-Lopez v. Cigna Group Ins.*, 609 F. Supp. 2d 161 (D.P.R. 2008), the plaintiff named Cigna Group as a defendant. Defendants, however, asserted that "CIGNA Group" was only a trademark and not a legal entity. In addition to this assertion, one of the other named defendants acknowledged that it alone issued the policy in question and that it was the only proper defendant. The court found "CIGNA Group" was not a legal entity and "as such, cannot be sued." *Id.* at 164; *see also Walt v. Wayneworks Marine, LLC*, No. 8:13-01162-JMC, 2014 WL 1314568 (D.S.C., March 28, 2014) (granting Rule 12(b)(2) motion to dismiss named defendants who were not legal entities); *Kidd v. CIGNA Corp.*, No. 3:10-0020, 2010 WL 4697986 (M.D. Tenn., Nov. 12, 2010) (holding there is no personal jurisdiction over CIGNA

Group because it is not a legal entity that can be sued); *Rachells v. Cingular Wireless Employee Services, LLC*, 483 F. Supp. 2d 583 (N.D. Ohio 2007) (recognizing the court lacks jurisdiction to entertain a suit against a trade name); *Termini v. Life Ins. Co. of N. Am.*, 464 F. Supp. 2d 508, 518 (E.D.Va.2006)(dismissing claims against non-entity defendant because it is not a legal entity); *Heslin–Kim v. CIGNA Group Ins.*, 377 F. Supp. 2d 527, 529 n. 1 (D.S.C. 2005)(noting that named defendant could not be a defendant because it is a service mark and not a legal entity); *Parra v. Life Ins. Co. of N. Am.*, 258 F. Supp. 2d 1058, 1069 n. 1 (N.D. Cal. 2003) (holding that the ERISA claims against CIGNA Group should be dismissed with prejudice because it was not a proper party since it is not a legal entity and, therefore, does not have the capacity to sue or be sued).

Here, dismissal of “Genghis Grill” and “Chalak Mitras Group of Companies” is particularly important because Plaintiff seeks to use these non-entities as an umbrella to certify a nationwide collective action group – even though each “Genghis Grill” branded restaurant is a separate *legal* entity. [*See* Motion for Conditional Certification, D.E. 26-27; Response to Motion for Conditional Certification, D.E. 53; and Objection to Plaintiff’s Proposed Notices, D.E. 60] “Genghis Grill” and “Chalak Mitras Group of Companies” are not legal entities capable of being sued. “Genghis Grill” is simply a brand name. “Chalak Mitras Group of Companies” is a “generic title” used to identify a group of companies, comparable to a trademark or trade name. Plaintiff has no evidence to the contrary. Consequently, “Genghis Grill” and “Chalak Mitras Group of Companies” should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that named non-entity Defendants “Genghis Grill” and “Chalak Mitras Group of Companies” be dismissed pursuant to

Fed. R. Civ. P. 12(b)(2). Defendants do not have an objection to Germantown being substituted as the proper party in this litigation.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C

*/s/ Stephanie Johnson Manning*

Audrey M. Calkins (Tenn. BPR # 30093)
International Place, Tower II
6410 Poplar Avenue, Suite 300
Memphis, TN 38119
(901) 767-6160
(901) 767-7411 (Facsimile)
audrey.calkins@odnss.com

John B. Brown
Texas Bar No. 00793412 (admission *pro hac vice*)
john.brown@ogletreedeakins.com
Stephanie Johnson Manning (admission *pro hac vice*)
Oklahoma Bar No. 18741
Texas Bar No. 24099422
stephanie.manning@ogletreedeakins.com
8117 Preston Road, Suite 500
Dallas, TX 75225
214.987.3800
214.987.3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August, 2017, I filed the foregoing with the Clerk of the Court using the ECF filing system, which will send notification of such filing to the following counsel. If counsel has not been admitted to the District and would otherwise not receive a Notice of Electronic Filing, service will be made by email to the following:

Bryce Ashby
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Bryce@donatilaw.com

Brandon M. Wise
PEIFFER ROSCA WOLF ABDULLAH CARR & KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
bwise@prwlegal.com

*/s/ Stephanie Johnson Manning*
Stephanie Johnson Manning

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AMBER McKINLEY, individually and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>v.<br><br>GENGHIS GRILL; GENGHIS GRILL FRANCHISE CONCEPTS, LP; CHALAK MITRAS GROUP OF COMPANIES; AL BHAKTA; CHET BHAKTA; RON PARIKH; NIK BHAKTA; MANISH PATEL; DR. SANJAY PATEL; PUSHPAK PATEL; and DOE DEFENDANTS 1-10,<br><br>Defendants. | No. 17-2408-JPM-tmp |

**DECLARATION OF TAMMY LUCERO**

1. My name is Tammy Lucero. I am over eighteen (18) years of age, of sound mind, and otherwise competent to make this Declaration. I have personal knowledge of the facts herein stated and they are true and correct.

2. I have reviewed the Collective Action Complaint filed by Plaintiff Amber McKinley ("Plaintiff") against Defendant Genghis Grill Franchise Concepts, LP, Chalak Restaurants of Germantown, LLC, Al Bhakta, Chet Bhakta, Ron Parikh, Manish Patel, Sanjay Patel, and Pushpak Patel, (collectively "Defendants") and submit this Declaration in support of the Objection to Plaintiff's Proposed Notice filed by Defendants.

3. I am a Human Resources Manager at CMG Management Solutions, which provides shared human resource services to Chalak Restaurants of Germantown, LLC ("Germantown"), as well as some other Genghis Grill branded locations.

4. Since June 2014, CMG Management Solutions has provided shared human resources services to seventy-six (76) Genghis Grill branded locations across eighteen (18) states.

5. Each of the Genghis Grill branded locations for which CMG Management Solutions provides services is a separate legal entity, and it is that legal entity that pays employee wages at that location.

EXHIBIT 1

6. Plaintiff was employed at and paid by the Genghis Grill-brand restaurant operated by Germantown in Memphis, Tennessee. Germantown operates this single Genghis Grill branded location.

7. In addition to the Genghis Grill branded locations for which CMG Management Solutions provides services, there are other Genghis Grill franchises. These franchises are independently owned and operated and do not share human resources services through CMG Management Solutions.

8. Plaintiff has named "Genghis Grill" as a Defendant in this matter. However, "Genghis Grill" is simply a brand name. There is no legal entity named "Genghis Grill."

9. Plaintiff has also named "Chalak Mitras Group of Companies" as a Defendant. However, like "Genghis Grill," "Chalak Mitras Group of Companies is not a legal entity, but a group of separate and independent legal entities. The website http://chalakmitragroup.com (last visited August 18, 2017) prominently displays the following language:

> CHALAK MITRA GROUP OF COMPANIES IS NOT A LEGAL ENTITY. CHALAK MITRA GROUP OF COMPANIES IS A GROUP OF SEPARATE AND INDEPENDENT LEGAL ENTITIES.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 18, 2017 in Dallas, Texas.

Tammy Lucero

30923481.1

**Manning, Stephanie J.**

| | |
|---|---|
| **From:** | Brandon Wise <BWise@prwlegal.com> |
| **Sent:** | Tuesday, August 08, 2017 8:42 AM |
| **To:** | Manning, Stephanie J.; Brown, John B. |
| **Cc:** | Calkins, Audrey M.; Bryce Ashby |
| **Subject:** | Answers for Genghis Grill, Chalak Mitra Group of Companies, and Nik Bhatka |

John and Stephanie,

Regarding Genghis Grill and Chalak Mitra Group of Companies – while this was discussed during the conference, I do not believe there was not a clear indication that you would be answering on behalf of these defendants, nor was this discussed in the Court's Text Order. Please confirm that you will be filing an answer for these defendants. Please consider this my consent to file an answer out-of-time.

Regarding Nik Bhakta – please advise whether or not you will be accepting service on behalf of this defendant.

Thank you,
Brandon Wise

Brandon M. Wise
PEIFFER ROSCA WOLF
ABDULLAH CARR & KANE, APLC
818 Lafayette Ave, Floor 2
St. Louis, MO 63104
Direct: 314-833-4825
bwise@prwlegal.com

EXHIBIT 2

**Manning, Stephanie J.**

| | |
|---|---|
| **From:** | Brandon Wise <BWise@prwlegal.com> |
| **Sent:** | Thursday, August 17, 2017 4:17 PM |
| **To:** | Manning, Stephanie J.; Brown, John B. |
| **Cc:** | Calkins, Audrey M.; St_ Louis Correspondence |
| **Subject:** | Plaintiff's First IROGs and RFPs to Chalak Germantown [IWOV-ACTIVE.FID42996] |
| **Attachments:** | 2017-08-17 - IROGS to Chalak Germantown.docx; 2017-08-17 - IROGS to Chalak Germantown.pdf; 2017-08-17 - RFPs to Chalak Germantown.docx; 2017-08-17 - RFPs to Chalak Germantown.pdf |

Counsel,
Please find attached to this email Plaintiff's First Interrogatories and Requests for Production directed to Defendant Chalak Restaurants of Germantown, LLC. The documents are provided in a format compatible with Microsoft Word, and in .pdf format. If you have any issues opening or accessing these documents, please let me know. Further, if you would like a hard copy of the documents, please let me know.

Also, I have already requested your confirmation that you will be filing an answer on behalf of Genghis Grill and Chalak Mitra Group of Companies. Please confirm that you will be filing an answer for these defendants. If an answer is not filed, I will be forced to file a motion for default judgment.

If you have any questions, please feel free to give me a call.

Thanks,
Brandon

Brandon M. Wise
PEIFFER ROSCA WOLF
ABDULLAH CARR & KANE, APLC
818 Lafayette Ave, Floor 2
St. Louis, MO 63104
Direct: 314-833-4825
bwise@prwlegal.com

**Manning, Stephanie J.**

**From:** Brandon Wise <BWise@prwlegal.com>
**Sent:** Monday, August 21, 2017 6:52 AM
**To:** Brown, John B.; Manning, Stephanie J.; Calkins, Audrey M.
**Cc:** St_ Louis Correspondence
**Subject:** McKinley v. Genghis Grill [IWOV-ACTIVE.FID41906]

John, Stephanie, and Audrey,
I hope that you are all doing well.

I have contacted you multiple times regarding answers being filed for Genghis Grill and Chalak Mitra Group of Companies and service on Nik Bhakta.

Please advise if (1) you intend to file answers for Genghis Grill and Chalak Mitra Group of Companies and (2) if you will accept service on behalf of Nik Bhakta?

If you continue to not respond, I will move for default of Genghis Grill and Chalak Mitra Group of Companies.

I appreciate you attention to this matter.

Brandon

Brandon M. Wise
PEIFFER ROSCA WOLF
ABDULLAH CARR & KANE, APLC
818 Lafayette Ave, Floor 2
St. Louis, MO 63104
Direct: 314-833-4825
bwise@prwlegal.com