**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| AMBER McKINLEY, individually and on behalf of all others similarly-situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 17-2408-JPM-tmp |
| GENGHIS GRILL; GENGHIS GRILL FRANCHISE CONCEPTS, LP; CHALAK MITRAS GROUP OF COMPANIES; AL BHAKTA; CHET BHAKTA; RON PARIKH; NIK BHAKTA; MANISH PATEL; DR. SANJAY PATEL; PUSHPAK PATEL; and DOE DEFENDANTS 1-10, | ) | |
| Defendants. | ) | |

**DEFENDANT AL BAHKTA'S ANSWER TO PLAINTIFF'S
AMENDED COLLECTIVE ACTION COMPLAINT**

Defendant Al Bahkta ("Defendant") submits the following Answer to Plaintiff's Amended Collective Action Complaint ("Complaint") filed January 22, 2018. Defendant denies each and every allegation set forth in Plaintiff's Complaint unless expressly admitted herein. In support of its Answer, Defendant states as follows:

With regard to the opening Paragraph of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring an action on her own behalf and on behalf of others similarly situated against the named Defendants. Defendant, however, denies that it is a "single enterprise" with all other named Defendants and denies any liability to Plaintiff for the claims alleged in the Complaint.

**PRELIMINARY STATEMENT**

1. With regard to Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring this collective action alleging violations of the Fair Labor Standards Act ("FLSA"). Defendant, however, denies any liability to Plaintiff under the FLSA and denies that Plaintiff is entitled to the requested relief, or any relief whatsoever.

2. Paragraph 2 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 2 sets forth factual allegations, Defendant denies same.

3. Paragraph 3 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 3 sets forth factual allegations, Defendant denies same.

4. Paragraph 4 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 4 sets forth factual allegations, Defendant denies same.

5. Paragraph 5 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 5 sets forth factual allegations, Defendant denies same.

6. Paragraph 6 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 6 sets forth factual allegations, Defendant denies same.

7. Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

8. With regard to Paragraph 8 of Plaintiff's Complaint, Defendant admits that subject matter jurisdiction is properly vested in this Court.

9. With regard to Paragraph 9 of Plaintiff's Complaint, Defendant admits that jurisdiction is proper. Defendant denies the remaining allegations in Paragraph 9, and specifically denies that he is a "single enterprise" with all other named Defendants.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. With regard to Paragraph 13 of Plaintiff's Complaint, Defendant admits venue is proper in the United States District Court for the Western District of Tennessee.

14. With regard to Paragraph 14 of Plaintiff's Complaint, Defendant admits venue is proper in the Western Division of the United States District Court for the Western District of Tennessee.

## THE PARTIES

15. With regard to Paragraph 15 of Plaintiff's Complaint, Defendant lacks knowledge and information sufficient to admit or deny the citizenship and residency of Plaintiff, and therefore, denies same.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. With regard to Paragraph 17 of Plaintiff's Complaint, Defendant lacks knowledge and information sufficient to admit or deny Plaintiff's familiarity with any policies, and therefore, denies same.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Paragraph 20 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

21. With regard to Paragraph 21 of Plaintiff's Complaint, Defendant denies he is an officer of Defendant Chalak Restaurants Germantown LLC. The remaining allegations are not directed at Defendant. Therefore, no response is required by Defendant.

22. Paragraph 22 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

23. Paragraph 23 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

24. Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Paragraph 25 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

26. Paragraph 26 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Paragraph 28 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

29. Paragraph 29 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

30. Paragraph 30 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

### THE OVERARCHING MANAGEMENT OF GENGHIS GRILL BRANDED RESTAURANTS

36. Paragraph 36 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

37. Paragraph 37 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

38. Paragraph 38 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

39. Paragraph 39 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

40. Paragraph 40 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

41. Paragraph 41 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

42. Paragraph 42 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

43. Paragraph 43 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

44. Paragraph 44 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

45. Paragraph 45 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

46. Paragraph 46 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

47. Paragraph 47 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

48. Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Paragraph 49 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

50. Paragraph 50 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

51. Paragraph 51 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

52. Paragraph 52 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

53. Paragraph 53 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

54. Paragraph 54 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

55. Paragraph 55 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

56. Paragraph 56 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

57. Paragraph 57 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

58. Paragraph 58 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

59. Paragraph 59 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

60. Paragraph 60 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

61. Paragraph 61 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

62. Paragraph 62 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

63. Paragraph 63 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

64. Paragraph 64 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

65. Paragraph 65 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

66. Paragraph 66 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

67. Paragraph 67 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

68. Paragraph 68 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

69. Paragraph 69 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

70. Paragraph 70 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

71. Paragraph 71 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

72. Paragraph 72 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

73. Paragraph 73 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

74. Paragraph 74 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

**THE "SINGLE LLC" SCHEME**

75. Defendant admits the factual allegations in Paragraph 75 of Plaintiff's Complaint, but objects to the characterization of "attempt to assert." Defendant denies any remaining allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76 of Plaintiff's Complaint.

77. Defendant denies the allegations in Paragraph 77 of Plaintiff's Complaint.

78. Defendant denies the allegations in Paragraph 78 of Plaintiff's Complaint.

79. Paragraph 79 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

80. Defendant denies the allegations in Paragraph 80 of Plaintiff's Complaint.

81. Paragraph 81 does not contain any factual allegations to which Defendant is required to respond. To the extent Paragraph 81 does contain factual allegations, Defendant denies same.

82. Defendant denies the allegations in Paragraph 82 of Plaintiff's Complaint.

83. With regard to Paragraph 83 of Plaintiff's Complaint, Defendant states the documents speak for themselves. Defendant denies any remaining allegations in Paragraph 83.

84. With regard to Paragraph 84 of Plaintiff's Complaint, Defendant states the documents speak for themselves. Defendant denies any remaining allegations in Paragraph 83.

85. With regard to Paragraph 85 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to discern to what "other Chalak LLCs" Plaintiff refers, and therefore, denies same.

86. Paragraph 86 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent Paragraph 86 contains factual allegations, Defendant denies same.

87. Paragraph 87 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent Paragraph 87 contains factual allegations, Defendant denies same.

88. With regard to Paragraph 88 of Plaintiff's Complaint, Defendant states the documents speak for themselves. Defendant denies any remaining allegations in Paragraph 88.

89. With regard to Paragraph 89 of Plaintiff's Complaint, Defendant states the documents speak for themselves. Defendant denies any remaining allegations in Paragraph 89.

90. Paragraph 90 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

91. Defendant denies the allegations in Paragraph 91 of Plaintiff's Complaint.

92. Defendant denies the allegations in Paragraph 92 of Plaintiff's Complaint.

**DEFENDANT'S ENTERPRISE-WIDE POLICIES AND PRACTICES**

93. Paragraph 93 of Plaintiff's Complaint is not directed at Defendant. Therefore, no response is required by Defendant.

94. Defendant denies the allegations in Paragraph 94 of Plaintiff's Complaint.

95. Defendant denies the allegations in Paragraph 95 of Plaintiff's Complaint.

96. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 96 of Plaintiff's Complaint, and therefore denies same.

97. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 97 of Plaintiff's Complaint, and therefore denies same.

98. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 98 of Plaintiff's Complaint, and therefore denies same.

99. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 99 of Plaintiff's Complaint, and therefore denies same.

100. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 100 of Plaintiff's Complaint, and therefore denies same.

101. Paragraph 101 of Plaintiff's Complaint is not directed to Defendant. Therefore, no response is required by Defendant.

102. Defendant denies the allegations in Paragraph 102 of Plaintiff's Complaint.

103. Defendant denies the allegations in Paragraph 103 of Plaintiff's Complaint.

**DEFENDANT'S TIP POOL VIOLATIONS**

104. Defendant denies the allegations in Paragraph 104 of Plaintiff's Complaint.

105. Defendant denies the allegations in Paragraph 105 of Plaintiff's Complaint.

106. Defendant denies the allegations in Paragraph 106 of Plaintiff's Complaint.

107. Defendant denies the allegations in Paragraph 107 of Plaintiff's Complaint.

108. Defendant denies the allegations in Paragraph 108 of Plaintiff's Complaint.

109. Defendant denies the allegations in Paragraph 109 of Plaintiff's Complaint.

110. Defendant denies the allegations in Paragraph 110 of Plaintiff's Complaint.

**DEFENDANT'S TIP CREDIT VIOLATIONS**

111. Defendant denies the allegations in Paragraph 111 of Plaintiff's Complaint.

112. Defendant denies the allegations in Paragraph 112 of Plaintiff's Complaint.

113. Defendant denies the allegations in Paragraph 113 of Plaintiff's Complaint.

114. Defendant denies the allegations in Paragraph 114 of Plaintiff's Complaint.

115. Defendant denies the allegations in Paragraph 115 of Plaintiff's Complaint.

116. Defendant denies the allegations in Paragraph 116 of Plaintiff's Complaint.

117. Paragraph 117 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 117 sets forth any factual allegations, Defendant denies same.

118. Defendant denies the allegations in Paragraph 118 of Plaintiff's Complaint.

119. Defendant denies the allegations in Paragraph 119 of Plaintiff's Complaint.

120. Defendant denies the allegations in Paragraph 120 of Plaintiff's Complaint.

121. Defendant denies the allegations in Paragraph 121 of Plaintiff's Complaint.

122. Defendant denies the allegations in Paragraph 122 of Plaintiff's Complaint.

**DEFENDANTS' STRAIGHT TIME MINIMUM WAGE VIOLATIONS**

123. Defendant denies the allegations in Paragraph 123 of Plaintiff's Complaint.

124. Defendant denies the allegations in Paragraph 124 of Plaintiff's Complaint.

125. Defendant denies the allegations in Paragraph 125 of Plaintiff's Complaint.

126. Defendant denies the allegations in Paragraph 126 of Plaintiff's Complaint.

127. Defendant denies the allegations in Paragraph 127 of Plaintiff's Complaint.

128. Defendant denies the allegations in Paragraph 128 of Plaintiff's Complaint.

129. Defendant denies the allegations in Paragraph 129 of Plaintiff's Complaint.

130. Defendant admits the allegations in Paragraph 130 of Plaintiff's Complaint.

131. Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 131 of Plaintiff's Complaint and, therefore, denies same.

132. Defendant denies the allegations in Paragraph 132 of Plaintiff's Complaint.

133. Defendant denies the allegations in Paragraph 133 of Plaintiff's Complaint.

134. Paragraph 134 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 134 sets forth factual allegations, Defendant denies same.

135. Defendant denies the allegations in Paragraph 135 of Plaintiff's Complaint.

**SUMMARY OF DEFENDANTS' ALLEGED VIOLATIONS**

136. With regard to Paragraph 136 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to allege various violations of the FLSA by Defendant. Defendant, however, denies any violation of the FLSA.

137. Defendant denies the allegations in Paragraph 137 of Plaintiff's Complaint.

138. Defendant denies the allegations in Paragraph 138 of Plaintiff's Complaint.

139. Defendant denies the allegations in Paragraph 139 of Plaintiff's Complaint.

140. Defendant denies the allegations in Paragraph 140 of Plaintiff's Complaint.

141. Defendant denies the allegations in Paragraph 141 of Plaintiff's Complaint.

**COLLECTIVE CLASS ACTION ALLEGATIONS**

142. With regard to Paragraph 142 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring a collective action under the FLSA. Defendant, however, denies that any collective/class action is appropriate in this matter and denies the remaining allegations set forth in Paragraph 142.

143. Paragraph 143 of Plaintiff's Complaint purports to set forth a reservation of rights to which no response is required. To the extent Paragraph 143 sets forth any factual allegations, Defendant denies same.

144. With regard to Paragraph 144 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to assert claims against the named Defendants individually and on behalf of all Class members for alleged violations of the FLSA. Defendant, however, denies any liability to Plaintiff or others similarly situated under the FLSA or Oklahoma law.

145. Defendant denies the allegations in Paragraph 145 of Plaintiff's Complaint.

146. Paragraph 146 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 146 sets forth any factual allegations, Defendant denies same.

147. Paragraph 147 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 147 sets forth any factual allegations, Defendant denies same.

148. Paragraph 148 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 148 sets forth factual allegations, Defendant denies same.

149. Defendant denies the allegations in Paragraph 149 of Plaintiff's Complaint.

150. Paragraph 150 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 150 sets forth factual allegations, Defendant denies same.

151. Paragraph 151 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 151 sets forth factual allegations, Defendant denies same.

152. Paragraph 152 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent Paragraph 152 sets forth factual allegations, Defendant denies same.

## CLAIMS FOR RELIEF

## COUNT I

## ON BEHALF OF THE FLSA TIP-CREDIT COLLECTIVE CLASS
## FAIR LABOR STANDARDS ACT – ILLEGAL TIP POOLING ARRANGEMENT

153. Defendant incorporates by reference his responses set forth in Paragraphs 1-152 above.

154. Defendant denies the allegations in Paragraph 154 of Plaintiff's Complaint.

155. Defendant denies the allegations in Paragraph 155 of Plaintiff's Complaint.

156. Defendant denies the allegations in Paragraph 156 of Plaintiff's Complaint.

157. Defendant denies the allegations in Paragraph 157 of Plaintiff's Complaint.

158. Defendant denies the allegations in Paragraph 158 of Plaintiff's Complaint.

159. Defendant denies the allegations in Paragraph 159 of Plaintiff's Complaint.

160. Defendant denies the allegations in Paragraph 160 of Plaintiff's Complaint.

**COUNT II**

**ON BEHALF OF THE FLSA MINIMUM WAGE COLLECTIVE CLASS
FAILURE TO PAY MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT**

161. Defendant incorporates by reference his responses set forth in Paragraphs 1-160 above.

162. Defendant denies the allegations in Paragraph 162 of Plaintiff's Complaint.

163. Defendant denies the allegations in Paragraph 163 of Plaintiff's Complaint.

164. Defendant denies the allegations in Paragraph 164 of Plaintiff's Complaint.

165. Defendant denies the allegations in Paragraph 165 of Plaintiff's Complaint.

166. Defendant denies the allegations in Paragraph 166 of Plaintiff's Complaint.

167. Defendant denies the allegations in Paragraph 167 of Plaintiff's Complaint.

168. Defendant denies the allegations in Paragraph 168 of Plaintiff's Complaint.

**COUNT III**

**ON BEHALF OF THE FLSA TIP CREDIT COLLECTIVE CLASS
FLSA TIP CREDIT VIOLATION – NON-TIPPED LABOR
UNRELATED TO TIPPED WORK**

169. Defendant incorporates by reference his responses set forth in Paragraphs 1-168 above.

170. Defendant denies the allegations in Paragraph 170 of Plaintiff's Complaint.

171. Defendant denies the allegations in Paragraph 171 of Plaintiff's Complaint.

172. Defendant denies the allegations in Paragraph 172 of Plaintiff's Complaint.

173. Defendant denies the allegations in Paragraph 173 of Plaintiff's Complaint.

174. Defendant denies the allegations in Paragraph 174 of Plaintiff's Complaint.

**COUNT IV**

**ON BEHALF OF THE FLSA TIP-CREDIT COLLECTIVE CLASS FLSA TIP CREDIT VIOLATION – NON-TIPPED LABOR RELATED TO TIPPED WORK IN EXCESS OF 20% OF WORKTIME**

175. Defendant incorporates by reference his responses set forth in Paragraphs 1-174 above.

176. Defendant denies the allegations in Paragraph 176 of Plaintiff's Complaint.

177. Defendant denies the allegations in Paragraph 177 of Plaintiff's Complaint.

178. Defendant denies the allegations in Paragraph 178 of Plaintiff's Complaint.

179. Defendant denies the allegations in Paragraph 179 of Plaintiff's Complaint.

180. Defendant denies the allegations in Paragraph 180 of Plaintiff's Complaint.

181. With regard to Plaintiff's Prayer for Relief, Defendant specifically denies any liability to Plaintiff or others similarly situated and denies that Plaintiff or others similarly situated are entitled to any of the relief requested.

182. With regard to Plaintiff's Demand for Jury Trial, Defendant admits that Plaintiff has requested a jury trial. Defendant, however, denies that a jury trial is appropriate in this matter.

**DEFENSES, INCLUDING AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove. Defendant expressly reserves his right to assert additional defenses as discovery progresses.

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claims cannot be maintained as an action for individual recovery, because Plaintiff is required to submit her claims to mandatory final and binding arbitration under an arbitration agreement covering her purported claims.

3. Plaintiff's Complaint and each and every purported claim alleged therein brought on a collective, class, or representative basis cannot be maintained as a collective, class, or representative action because Plaintiff and the putative class members Plaintiff purports to represent are required to individually submit their claims to mandatory final and binding arbitration under arbitration agreements covering their purported claims.

4. Defendant did not employ Plaintiff.

5. Defendant was not sufficiently involved in the day-to-day operation nor did he have direct responsibility for the supervision of Plaintiff to establish individual liability under the FLSA.

6. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations including, but not limited to, 29 U.S.C. § 255.

7. Plaintiff is not entitled to a three-year limitations period because even if Plaintiff were able to prove an alleged violation of the FLSA, which Defendant expressly denies, any such violation was not willful within the meaning of the FLSA.

8. Plaintiff has been paid all sums legally due under the FLSA.

9. Plaintiff is not entitled to recover wages for time that is not compensable work under the FLSA.

10. Plaintiff's claims are barred for hours allegedly worked without her employer's actual or constructive knowledge.

11. Plaintiff is not entitled to recover wages for time that is *de minimis*.

12. Plaintiff is not entitled to relief for preliminary and postliminary acts under the Portal-to-Portal Act.

13. Without assuming any burden of proof, Defendant asserts that any alleged violation of the FLSA was not willful within the meaning of the FLSA.

14. Plaintiff lacks standing to represent any putative collective action.

15. Plaintiff may not maintain this action as a collective action under 29 U.S.C. § 216 because she is not similarly situated to any other employee for purposes of the allegations and claims made in this lawsuit.

16. Plaintiff is an inadequate class representative because of the highly fact-specific and individualized nature of the claims in the Complaint.

17. Defendant reserves the right to assert additional defenses as permitted by the Court.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that the Complaint be dismissed with prejudice and that Defendant be awarded his costs, attorneys' fees and such other relief as may be just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C

*/s/ Stephanie Johnson Manning*
Audrey M. Calkins (Tenn. BPR # 30093)
International Place, Tower II
6410 Poplar Avenue, Suite 300
Memphis, TN 38119
(901) 767-6160
(901) 767-7411 (Facsimile)
audrey.calkins@odnss.com

John B. Brown
Texas Bar No. 00793412 (admission *pro hac vice* pending)
john.brown@ogletreedeakins.com
Stephanie Johnson Manning (admission *pro hac vice* pending)
Oklahoma Bar No. 18741
Texas Bar No. 24099422
stephanie.manning@ogletreedeakins.com
8117 Preston Road, Suite 500
Dallas, TX 75225
214.987.3800
214.987.3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of February, 2018, I filed the foregoing with the Clerk of the Court using the ECF filing system, which will send notification of such filing to the following counsel. If counsel has not been admitted to the District and would otherwise not receive a Notice of Electronic Filing, service will be made by email to the following:

Bryce Ashby
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Bryce@donatilaw.com

Brandon M. Wise
PEIFFER ROSCA WOLF ABDULLAH CARR & KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
bwise@prwlegal.com

*/s/ Stephanie Johnson Manning*
Stephanie Johnson Manning