**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| AMBER MCKINLEY,<br><br>Plaintiff,<br><br>v.<br><br>GENGHIS GRILL FRANCHISE CONCEPTS, LP, d/b/a GENGHIS GRILL; CHALAK MITRA GROUP OF COMPANIES; AL BHAKTA; CHET BHAKTA; RON PARIKH; MANISH PATEL; DR. SANJAY PATEL; PUSHPAK PATEL; CMG MANAGEMENT SOLUTIONS, LLC; CHALAK RESTAURANTS OF GERMANTOWN, LLC; and DOE DEFENDANTS 1-10,<br><br>Defendants. | ) | Case No. 2:17-cv-02408-JPM-tmp |

---

**ORDER GRANTING REVISED JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

---

This cause is before the Court on Plaintiff Amber McKinley and Defendants Genghis Grill Franchise Concepts, d/b/a Genghis Grill, Chalak Restaurants of Germantown, LLC, CMG Management Solutions, LLC, Al Bhakta, Chet Bhakta, Ron Parikh, Manish Patel, Dr. Sanjay Patel, and Pushpak Patel's (hereinafter collectively "Defendants") Revised Joint Motion for Approval of FLSA Settlement filed on January 17, 2020. (ECF No. 137.) The Parties move the Court for approval of the submitted proposed FLSA class-action settlement agreement provided by the Parties with the Joint Motion.[1] (Id. at PageID 1842; ECF No.

[1] The Parties inadvertently submitted as an attachment to the Joint Motion their first proposed class-action settlement agreement that the Court rejected on December 20, 2019. (See ECF No. 136.) The Parties' first

138.) For the reasons set forth below, the Joint Motion for Approval of FLSA Settlement is **GRANTED**.

## I. BACKGROUND

This action arises out of Plaintiff Amber McKinley's employment as a hostess with Genghis Grill restaurant in Memphis, Tennessee. (ECF No. 96 at PageID 1153.) Plaintiff asserts that she was a "tipped employee, as defined by the FLSA, 29 U.S.C. § 203(t)." (Id. ¶ 93.) Plaintiff asserts that Defendants "did not pay Plaintiff the proper minimum wages" for her time worked. (Id. ¶ 94.) Plaintiff alleges that these practices occurred as a result of "company-wide pay policies and practices." (Id. ¶¶ 97–102.) Plaintiff also alleges that Defendants "mandated that 4 percent of the tips earned by Plaintiff were to be contributed to the tip pool and paid to other Genghis Grill employees," in violation of FLSA § 206(a). (Id. ¶¶ 104–110.) Plaintiff alleges that Defendants unlawfully required her to engage in non-tipped employment activities while receiving tip-minimum wage payments for her non-tip work activities. (Id. ¶¶ 111–122.) Plaintiff also alleges that Defendants "regularly and consistently required Plaintiff to 'clock out' yet continue to perform non-tip earning duties . . . in order to avoid incurring excessive and/or overtime labor costs, in willful violation of the FLSA." (Id. ¶ 123.) Plaintiff filed the instant action on June 14, 2017. (ECF No. 1.) On October 4, 2017, the Court granted in part and denied in part Plaintiff's Motion to Certify Class. (ECF No. 71.)

---

proposed settlement agreement contained confidentiality provisions which prevented the Court from granting the first motion and approving the agreement. (See ECF No. 135-1.) However, the Parties' new proposed settlement agreement does not contain any such confidentiality provisions. (See ECF No. 138-1.) Hereinafter, any reference made by the Court to the proposed settlement agreement refers to the settlement agreement filed on January 21, 2020 as an attachment to Docket Entry 138. (See ECF No. 137-1.)

The Parties filed a Joint Motion for Leave to File Settlement Agreement Under Seal on December 4, 2019. (ECF No. 133.) The Court denied the Motion on December 12, 2019. (ECF No. 134.) The Parties filed their first Joint Motion for Approval of FLSA Settlement on December 18, 2019. (ECF No. 135.) The Court entered its Order Denying Joint Motion for Approval of Collective Action Settlement on December 20, 2019. (ECF No. 136.) The Court denied the first Joint Motion for Approval because the proposed settlement agreement's confidentiality provisions contravened the purposes and provisions of the FLSA. (Id.) On January 17, 2020, the Parties filed their Revised Joint Motion for Approval of FLSA Settlement and submitted the proposed settlement agreement for review by the Court. (ECF Nos. 137, 138-1.)

## II. ANALYSIS

A Fair Labor Standards Act ("FLSA") claim can be resolved through agreement of the parties in two separate ways: (1) the Secretary of Labor of the United States can "supervise the payment of back wages"; or (2) "the employer and employee can present the proposed settlement to the district court for approval." Scott v. Titlemax of Tennessee, Inc., No. 2:13-cv-2710-SHL-dkv, 2015 WL 12516225, at *1 (W.D. Tenn. May 8, 2015) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). If the parties elect the latter option for approval of their FLSA settlement agreement, the district court must "scrutinize it for fairness and decide whether it is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." Id. (quoting Bartlow v. Grand Crowne Resorts of Pigeon Forge, No. 3:11–CV–400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012)) (internal quotation marks omitted).

Courts consider three factors when determining whether approval of the parties' proposed settlement agreement is appropriate: (1) whether the agreement was reached in an adversarial context; (2) whether the employees were adequately represented; and (3) whether the agreement reflects a reasonable compromise of disputed issues. Lynn, 679 F.2d at 1354.

As to factor one, the Parties have engaged in informal discovery in this matter and the lengthy history of this litigation demonstrates that this agreement was reached in an adversarial context. (See Proposed Settlement Agreement, ECF No. 138-1.) Factor one, therefore, weighs in favor of approval of the proposed settlement agreement.

As to factor two, the employees are represented by counsel who have significant experience in litigating FLSA class-actions in federal court. (See Affidavit of Brandon Wise, ECF No. 137-2 at PageID 1877–1883.) Factor two, therefore, also weighs in favor of approval of the proposed settlement agreement.

As to factor three, upon review of the proposed agreement, the Parties' Joint Motion, and the affidavits attached to the Motion, the Court is satisfied that the settlement agreement reflects a reasonable compromise of the disputed issues among the Parties. (See ECF Nos. 135, 137, 137-1, 137-2, 137-3, 137-4, 138-1.) Factor three, therefore, also weighs in favor of approval of the settlement agreement.

In summary, all three factors outlined above weigh in favor of the Court approving the proposed settlement agreement in this case. 679 F.2d at 1354. (See Proposed Settlement Agreement, ECF No. 138-1.) The Court is therefore satisfied that the agreement represents a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." Scott, 2015 WL 12516225, at *1 (internal quotation marks omitted).

## III. CONCLUSION

For the reasons set forth above, the Parties' Revised Joint Motion for Approval of FLSA Settlement is **GRANTED**. The FLSA Settlement Agreement (ECF No. 138-1 at PageID 1896–1910) is, therefore, approved. In accordance with paragraph 5 of the Settlement Agreement and Release (ECF No. 138-1 at PageID 1899), this action is hereby **DISMISSED WITH PREJUDICE**. The Court enters judgment *in stanta*, and "the Court retain[s] jurisdiction in the unlikely scenario that one party believes the other has violated the agreement and seeks to reopen this matter to enforce the terms of the agreement." (Id.) Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82 (1994); Fed. R. Civ. P. 41(a).

**SO ORDERED**, this 27th day of January, 2020.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE